UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEON MERTENS,<br><br>    Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Respondent. | Case No. 2:09-CV-00503-EJL<br>     2:03-CR-00073-EJL<br>**MEMORANDUM ORDER** |

  Before the Court in the above-entitled matters are Petitioner Robert Leon Mertens Motion to Alter or Amend Judgment, Motion for Leave to File Excess Pages, Motion to Adjudicate Motion to Alter, and Amended Motion for New Trial. The parties have now filed their responsive briefing and the matter is ripe for the Court's consideration. Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record.  Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

## DISCUSSION

**1.     Motion to Alter or Amend**

On November 16, 2011, this Court entered an Order and separate Judgment denying and dismissing his § 2255 Petition in its entirety. (CV Dkt. 19, 20.)[1] Mr. Mertens now asks that the Court alter or amend that Judgment pursuant to Rule 59(e) and to issue findings and conclusions pursuant to Rule 52(a) and (b). (CV Dkt. 22.)[2] The Government opposes the Motion arguing it is untimely, inapplicable in this § 2255 proceeding, and without merit as to their substantive basis. (CV Dkt. 26.)

Federal Rule of Civil Procedure 52 applies to findings and conclusions issued by the Court in a case tried without a jury or with an advisory jury. Fed. R. Civ. P. 52(a)(1). This Rule simply does not apply to § 2255 Petitions and, therefore, the Motion is denied as to its request based on Rule 52.

As to the Motion's requested relief sought under Rule 59(e), the Court notes that "Federal Rules of Civil Procedure Rule 59(e) provides a means whereby the Court may alter or amend the judgment." *A.H.D.C. v. City of Fresno, Cal.*, No. CIV-F-97-5498, 2004 WL 5866233, *8 (E.D. Cal. March 9, 2004) (citing *Northern Cheyenne Tribe v. Hodel*,

---

[1] The Motions addressed in this Order are pending in two cases involving Mr. Mertens. The Motion to Alter or Amend Judgment, Motion to Leave to File Excess Pages, and Motion to Adjudicate are all filed in *Mertens v. United States*, Case No. 2:09-cv-00503-EJL. The record in this civil matter will be cited to by use of "(CV Dkt. )." The Amended Motion for New Trial is pending in the criminal case, *United States v. Mertens et al.*, Case No. 2:03-cr-00073-EJL. In citing to the records in the criminal case the Court will use "(CR Dkt. )."

[2] The Motion to Alter or Amend is a total of 30 pages in length which exceeds the standard length allowed by the Local Rules. Accordingly, Mr. Mertens has sought leave to exceed the page limitation. (CV Dkt. 23.) The Court agrees good cause is shown to grant this request and allow the additional pages.

**MEMORANDUM ORDER - 2**

851 F.2d 1152, 1155 (9th Cir. 1988); *United States v. Western Elec. Co.*, 690 F.Supp. 22, 25 (D.D.C.1988) (Rule 59(e) motion permits court to correct errors of fact or law appearing on the face of the record)). The scope and purpose of a motion to alter or amend under Rule 59(e) have been analyzed as follows:

> Motions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover they cannot be used to argue a case under a new legal theory.

*Federal Deposit Insurance Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986) (citations omitted);

> Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge.
> . . .
> [A] rehash of the arguments previously presented affords no basis for a revision of the Court's order.

*Illinois Central Gulf Railroad Company v. Tabor Grain Company*, 488 F.Supp. 110, 122 (N.D. Ill. 1980).

Where Rule 59(e) motions are merely being pursued "as a means to reargue matters already argued and disposed of and to put forward additional arguments which [the party] could have made but neglected to make before judgment, [S]uch motions are not properly classifiable as being motions under Rule 59(e)" and must therefore be dismissed. *Davis v. Lukhard*, 106 F.R.D. 317, 318 (E.D.Va. 1984); *see also, Above the Belt, Inc. v. Mel Bohannan Roofing, Inc.*, 99 F.R.D. 99, 101 (E.D.Va. 1983) ("Plaintiff

**MEMORANDUM ORDER - 3**

improperly used the motion to reconsider to ask the Court to rethink what the Court had already thought -- rightly or wrongly."). The Ninth Circuit has identified three reasons sufficient to warrant a court's reconsideration of a prior order: (1) an intervening change in controlling law; (2) the discovery of new evidence not previously available; and (3) the need to correct clear or manifest error in law or fact, to prevent manifest injustice. *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Upon demonstration of one of these three grounds, the movant must then come forward with "facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Donaldson v. Liberty Mut. Ins. Co.*, 947 F. Supp. 429, 430 (D. Haw. 1996).

> "With regard to a motion to alter or amend judgment pursuant to Rule 59(e):" Since specific grounds for a motion to amend or alter are not listed in the rule, the district court enjoys considerable discretion in granting or denying the motion. However, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly. There are four basic grounds upon which a Rule 59(e) motion may be granted. First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the movant may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

*United States Fidelity & Guar. Co. v. Lee Investments LLC*, 551 F.Supp.2d 1069, 1072-73 (E.D. Cal. 2008) (quoting Federal Rules of Civil Procedure, 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2nd § 2810.1). "The Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. Also, amendment of the judgment will be

**MEMORANDUM ORDER - 4**

denied if it would serve no useful purpose." *Id.* at 1073.

Here, Mr. Mertens has argued various claims of ineffective assistance of counsel, prosecutorial misconduct, and errors by the Court warrant the relief he seeks. The arguments, however, have been repeatedly raised in both the civil and criminal cases and denied in each instance. Thus, this Rule 59(e) Motion is another effort to relitigate matters already raised and decided in these cases. Furthermore, the Court seriously questions whether such a motion is appropriate in the context of a § 2255 proceeding. Regardless, because the claims have no merit as they are not new, have been repeatedly raised and denied, and are otherwise not properly raised under Rule 59(e), the Court denies the Motion.

**2.     Amended Motion for New Trial**

Mr. Mertens argues the Court failed to properly rule on his previously filed *pro se* Motion for New Trial filed in the underlying criminal matter, Case Number CR03-0073-N-EJL (CR Dkt. 398), and, further, that a new trial is warranted under Rule 33. (CR Dkt. 538.) The Government has responded noting that the *pro se* Motion was filed while Mr. Mertens was represented by counsel, the Court did deny the Motion, and any new such motions should be denied as they are outside of the three-year requirement for filing such motions. (CR Dkt. 544, CV Dkt. 26.)

Motions for new trial are governed by Federal Rule of Criminal Procedure 33 which allows a court to vacate a judgment and grant a new trial "if the interests of justice so require." Fed. R. Crim. P. 33. "A district court's power to grant a motion for new trial

**MEMORANDUM ORDER - 5**

is much broader than its power to grant a motion for judgment of acquittal. The district court need not view the evidence in the light most favorable to the verdict; it may weigh the evidence and in so doing evaluate for itself the credibility of the witnesses." *United States v. Kellington*, 217 F.3d 1084, 1095 (9th Cir. 2000) (quoting *United States v. Alston*, 974 F.2d 1206, 1211 (9th Cir. 1992) (citations and internal quotation marks omitted)). "If the court concludes that, despite the abstract sufficiency of the evidence to sustain the verdict, the evidence preponderates sufficiently heavily against the verdict that a serious miscarriage of justice may have occurred, it may set aside the verdict, grant a new trial, and submit the issues for determination by another jury." *Alston*, 974 F.2d at 1211-1212 (citation omitted).

A criminal defendant must satisfy a five-part test in order to prevail on a motion for a new trial:

> (1) the evidence is newly discovered; (2) the defendant was diligent in seeking the evidence; (3) the evidence is material to the issues at trial; (4) the evidence is not (a) cumulative or (b) merely impeaching; and (5) the evidence indicates the defendant would probably be acquitted in a new trial.

*United States v. Hinkson*, 585 F.3d 1247, 1264 (9th Cir. 2009) (citing *United States v. Harrington*, 410 F.3d 598, 601 (9th Cir. 2005) (quoting *United States v. Kulczyk*, 931 F.2d 542, 548 (9th Cir.1991)); *see also United States v. Stofsky*, 527 F.2d 237, 246 (2nd Cir. 1975) (Courts employ a probability standard to determine whether perjury requires a new trial where, as here, the Government did not knowingly or negligently use the

**MEMORANDUM ORDER - 6**

perjured testimony.).[3] "The focus of the inquiry is on what difference the evidence would have made to the trial, regardless of its source." *Krasny*, 607 F.2d at 843. Motions filed under Rule 33 based upon newly discovered evidence must be filed within three years after the verdict or, if based upon other grounds, within fourteen days after the verdict. *See* Fed. R. Crim. P. 33(b).

In this case, the Court has reviewed the record and the parties arguments. Having done so, the Court finds it ruled upon Mr. Mertens's Motion for a New Trial filed by his counsel on October 4, 2004 (CR Dkt. 386, 389.) Thereafter on December 3, 2004 Mr. Mertens filed his own *pro se* Motion for New Trial and later, on July 3, 2007, filed another Motion for New Trial. (CR Dkt. 398, 486.) The Court issued rulings on the Motions. (CR Dkt. 414, 488.) Those Motions were properly denied as they were not based on newly discovered evidence but, instead, simply rehashed all of the arguments raised by Mr. Mertens in his other filings. In addition, the evidence identified was not material to the issues at trial nor did it go to indicate that a new trial would probably result in acquittal. *Kulczyk*, 931 F.2d at 548. For these same reasons, the instant Amended Motion for New Trial, (CR Dkt. 538), also fails. Furthermore, the Amended Motion exceeds the time for filing as required by Rule 33. *See* Fed. R. Crim. P. 33(b). Accordingly, the Court denies the Motion and notes that any new such motions will also

---

[3]"In general, a defendant seeking a new trial on the basis of newly discovered evidence must meet the following requirements: (1) It must appear from the motion that the evidence relied on is, in fact, newly discovered, i. e., discovered after the trial; (2) the motion must allege facts from which the court may infer diligence on the part of the movant; (3) the evidence relied on must not be merely cumulative or impeaching; (4) must be material to the issues involved; and (5) must be such as, on a new trial, would Probably produce an acquittal." *United States v. Krasny*, 607 F.2d 840, 842-43 (9th Cir. 1979) (quotations and citations omitted).

be denied as they are outside the temporal requirements of Rule 33. *Id.*

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Petitioner/Defendant's Motion to Alter or Amend Judgment (CV Dkt. 22) is **DENIED**.

2) Petitioner/Defendant's Motion for Leave to File Excess Pages (CV Dkt. 23) is **GRANTED**.

3) Petitioner/Defendant's Motion to Adjudicate Motion to Alter (CV Dkt. 25) is **MOOT**.

4) Petitioner/Defendant's Amended Motion for New Trial (CR Dkt. 538) is **DENIED**.

DATED: **July 5, 2012**

Honorable Edward J. Lodge
U. S. District Judge