UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT LEON MERTENS,<br><br>                Petitioner,<br><br>   v.<br><br>UNITED STATES OF AMERICA,<br><br>                Respondent. | Case No. 2:09-CV-00503-EJL<br>           2:03-CR-00073-EJL<br>**MEMORANDUM ORDER** |

      Pending before the Court in the above-entitled matter is Petitioner's Motion made pursuant to Federal Rule of Civil Procedure 60(b). Having fully reviewed the record herein, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, this Motion shall be decided on the record before this Court without oral argument.

**MEMORANDUM ORDER - 1**

## Discussion

Petitioner asks that this Court render its Judgments entered in his cases void because they were entered inconsistently with due process and because the evidence supports his claims of ineffective assistance of counsel. (Dkt. 31.) Much of the Motion details the Petitioner's allegations against his trial counsels including his attempts to retain his own counsel. Petitioner's Motion is based on Rule 60(b), which states grounds for relief from a final judgment including:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence...; (3) fraud...; (4) the judgment is void;...(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b) (emphasis added). Petitioner argues his prior § 2255 Motion was based on ineffective assistance of counsel as a "blanket" claim. (Dkt. 31.)

To the extend the claim raised in this Motion seeks to reopen the § 2255 proceedings as a new ground for relief, the Motion is treated as a § 2255 motion. *See United States v. Buenrostro*, 638 F.3d 720, 722 (9th Cir. 2011). Petitioner claims a violation of his Sixth Amendment rights; in particular his right to hire counsel of his choice. (Dkt. 31.) A "defect in the integrity of the federal habeas proceedings," such as "fraud on the habeas court," might justify reopening § 2255 proceedings under Rule 60(b). *Gonzalez v. Crosby*, 545 U.S. 524, 532 & n. 5 (2005). This case, however, is not one in which Petitioner can or has demonstrated such a defect or that his is the rare case in which extraordinary circumstances justify reopening the final order denying his § 2255 motion pursuant to Rule 60(b)(6). *See*

**MEMORANDUM ORDER - 2**

*Buenrostro*, 638 F.3d at 722-23. Petitioner's claims and arguments have been raised previously, considered, and denied. Further, there has been no defect shown in the integrity of his first § 2255 proceeding. *Id.*

To the extent the Petitioner's Motion seeks to bring a new claim for relief, independent from those claims adjudicated in his first § 2255 case, the Court treats this Rule 60(b) Motion as a § 2255 Motion. *Buenrostro*, 638 F.3d at 723. As such, the Court must consider whether Petitioner is allowed to file such a § 2255 motion. *Id.*

Section 2255(h) provides:

A second or successive motion must be certified ... by a panel of the appropriate court of appeals to contain –

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Here, there is no basis shown for allowing Petitioner to file this § 2255 petition. There is no newly discovered evidence raised here going to show the Petitioner's innocence nor any new rule of constitutional law that is applicable. As such, the Motion is denied.

**MEMORANDUM ORDER - 3**

Further, the Court denies any request for a certificate of appealability. In order to pursue any appeal from the denial or dismissal for writ of habeas corpus brought by a federal prisoner under 28 U.S.C. § 2255, a petition/appellant must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c);[1] Fed. R. App. P. 22(b).[2] When the denial or dismissal of a habeas corpus petition is based upon the merits of the claims in the petition, a district court should issue a certificate of appealability only where the appeal presents a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). To satisfy the "substantial showing" standard, a petitioner "must demonstrate that the issues are debatable among jurists of reason[,] that a court could resolve the issues in a different manner or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983) (setting forth the standard for issuance of a certificate of probable cause, the predecessor to the certificate of appealability).

There is no substantial showing that can be made in this case. Petitioner has made no credible showing or any new arguments as to why this Court's ruling was incorrect and,

---

[1] 28 U.S.C. § 2253(c) provides, in pertinent part:
(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(B) the final order in a proceeding under section 2255.
(2) A certificate of appealability may issue under paragraph (1) only if the applicant has made a substantial showing of the denial of a constitutional right.
(3) The certificate of appealability under paragraph (1) shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

[2] Fed. R. App. P. 22(b)(1) provides that "In a habeas corpus proceeding in which the detention complained of arises out of process issued . . . in a 28 U.S.C. § 2255 proceeding, the applicant cannot take an appeal unless a circuit justices or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c) . . ."

**MEMORANDUM ORDER - 4**

further, there can be made no substantial showing of the denial of a constitutional right. *See Murphy v. Johnson*, 110 F.3d 10, 11 (5th Cir. 1997). Accordingly, a certificate of appealability cannot issue in this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1) Petitioner's Motion for Rule 60(b) (Dkt. 31) is **DENIED**.

2) Request for Certificate of Appealability (Dkt. 30) is **DENIED**.

3) Application for Leave to Proceed In Forma Pauperis is **MOOT**.

4) The Clerk of the Court is directed to file this Order in both 2:09-cv-00503-EJL and 2:03-cr-00073-EJL.

DATED: **September 28, 2012**

~~Honora~~ble Edward J. Lodge
U. S. District Judge

**MEMORANDUM ORDER - 5**