UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT LEON MERTENS,<br><br>Defendant | Case No. 2:03-cr-00073-BLW<br><br>**MEMORANDUM DECISION & ORDER** |

# INTRODUCTION

Before the Court is Defendant Robert Leon Mertens' pro se filing entitled "Notice of Fraud on the Court and Request for Hearing." *See* Dkt. 625. Mr. Mertens asks the Court to schedule a hearing and order several individuals involved in his case – two Assistant United States Attorneys, four probation officers, and two defense attorneys – to come forward and explain why they allegedly obstructed justice, including by providing "tampered-with U.S. documents" to the Court. *Id.* at 11. For the reasons explained below, the Court will construe this as a successive filing under 28 U.S.C. § 2255 and dismiss the motion.

# BACKGROUND

In September 2004, defendant was convicted of 36 felonies, including conspiracy to distribute controlled substances, distribution of controlled

substances, and money laundering. *See Judgment,* Cr. Dkt. 409.[1] Mr. Mertens was sentenced to 444 months' incarceration, and he has filed various direct appeals as well as a motion under 28 U.S.C. § 2255. *See* Civ. Dkt. 1.

### 1. The First § 2255 Motion

In his first § 2255 motion, which was filed roughly 11 years ago, in October 2009, Mr. Mertens alleged several claims, including a claim based on alleged government misconduct. In that claim, Mr. Mertens alleged that during pretrial proceedings, the government misrepresented his criminal history by wrongly including a felony battery conviction. He says that this incorrect information helped persuade a magistrate judge to detain him pretrial, which, in turn, hindered his defense. This is how Mr. Mertens explained the issue in his first § 2255 motion:

> In an effort to gain a tactical advantage by keeping Petitioner incarcerated pretrial, the government blatantly submitted false and misleading information to the Court. . . .
>
> [T]he government knew it was supplying false information when it represented that Petitioner was "Robert Mertes" and had been convicted of a crime of violence. These false representations by the government were necessary to ensure Petitioner's pretrial detention and the hindrance to his defense caused by that detention.

*Amended § 2255 Motion,* Civ. Dkt. 6-1, at 15, 16.

---

[1] References to "Cr. Dkt." refer to docket entries in the above-captioned case. References to "Civ. Dkt." refer to filings in the civil case, *Mertens v. United States,* 2:09-cv-503-EJL.

The Court denied Mr. Mertens' claim, observing that defense counsel had filed multiple motions in an effort to have defendant released from pretrial detention and that Mr. Mertens had failed to show any deficiency in counsel's performance. *See Nov. 16, 2011 Order,* Civ. Dkt. 19, at 7.

2. **The Current Motion**

In his current motion, Mr. Mertens raises substantially similar issues. He once again focuses on the fact that he was detained pretrial. He argues that it is "very probable" that prosecutor on the case (AUSA Nancy Cook) conspired with U.S. Probation officers (Messuri and Urbaniak) before his arrest. The object of the conspiracy, according to Mertens, was to tamper with a 1986 Presentence Investigation Report from the Northern District of Illinois. The parties apparently received this report shortly before Mr. Mertens' 2003 arrest in this case.

Mertens says that the point of the conspiracy was to "tamper" with that 1986 report by fabricating a prior violent offense (a 1973 aggravated battery conviction) along with a prior drug offense (a 1975 cannabis offense). *See Ex. U to Motion,* Civ. Dkt. 625-1. Mertens says his attorney was in on the conspiracy as well, as the attorney knew about the fabricated convictions but nevertheless "withheld this fraudulent evidence, and the knowledge of how it was maliciously used in U.S. Court from the District Court and law enforcement." *See Motion,* Civ. Dkt. 625, at 6, ¶ 8.

Ultimately, Mertens says that evidence related to the conspiracy to fabricate these convictions was "crucial evidence that could have produced a different verdict at trial if it was presented to a jury." *Id.* ¶ 7.[2]

## ANALYSIS

A federal prisoner who is "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States," 28 U.S.C. § 2255(a), may file a § 2255 motion with the district court that imposed the sentence. "As a general rule, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may test the legality of detention." *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

A petitioner is generally limited to one motion under § 2255, and may not bring a "second or successive motion" unless it meets the exacting standards of 28 U.S.C. § 2255(h). This section provides that such a motion cannot be considered unless it has first been certified by the court of appeals to contain either

---

[2] For the reasons explained below, the Court lacks jurisdiction to entertain the pending motion. The Court will note, however, that the final presentence investigation report in this case said the following about the 1973 battery conviction: "During several prior court proceedings and again to the probation officer during the presentence interview, the defendant has adamantly denied ever having been convicted of the offense of Aggravated Battery in 1973 as reflected in a presentence report prepared in the Northern District of Illinois in 1986. This writer obtained documentation verifying the defendant was not the subject of the conviction in question. The confusion arose from the similarity in the name of the actual subject of the conviction, Robert Mertes." *Nov. 4, 2004 PSR,* Dkt. 625-1, at 10, ¶ 44.  The 1975 cannabis conviction is included in the PSR, but no points were assigned to that offense in terms of calculating Mr. Mertens' criminal history category. *Id.* ¶ 46.

"(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or "(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." § 2255(h). *See also* 18 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). The Ninth Circuit has defined this limitation as jurisdictional in nature. *See Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015).

Here, Mr. Mertens does not come right out and say he is challenging the legality of his detention under 28 U.S.C. § 2255. But that is the substance of his motion. He is claiming that in March 2021, he received a document (a revised presentence investigation report) that led him to discover that "false and deceptive arrest/conviction information . . . had been deliberately provided to this Court to unfairly prejudice this court's decision in this case and commit 'Fraud on Court.'" *See Motion,* Dkt. 625, at 2. This sort of claim requires certification from the Ninth Circuit before it can be brought in the district court. The Court will therefore dismiss this motion and refer it to the Ninth Circuit.

## ORDER

**IT IS ORDERED that:**

1. Defendant's pro se filing (Dkt. 625), construed as a successive motion under 28 U.S.C. § 2255, is **DISMISSED**.

2. The Government's Motion to Dismiss (Dkt. 631) is **GRANTED**.

3. The Defendant's motion at Dkt. 625 is **REFERRED** to the Ninth Circuit pursuant to Ninth Circuit Rule 22-3(a) for § 2255(h) certification purposes.

4. The Clerk of the Court is directed to: (a) send this order to the Ninth Circuit, along with the relevant briefing at Dkts. 625, 631 and 632 (including exhibits);  and (b) close this case pending the Ninth Circuit's § 2255(h) certification decision.

DATED: October 14, 2021

_____
B. Lynn Winmill
U.S. District Court Judge