UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br>     v.<br><br>ROBERT LEON MERTENS,<br><br>                      Defendant. | Case No. 2:03-cr-00073-DCN-1<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION AND BACKGROUND

Pending before the Court are various motions.

On September 12, 2022, Mertens filed a Motion for Fraud on the Court (60-B). Dkt. 637. A few days later, District of Idaho Clerk's Staff docketed an envelope it had received in the mail. Dkt. 636. On the envelope was written, "Enclosed is exhibit I of evidence that is to be filed in case # 2:03 CR 00073-DNC-1 for Robert Mertens." *Id*. Also written on the envelope, however, was the following (from a deputy clerk): "Nothing enclosed. There is a hole in envelope." *Id*. The Court then set a briefing schedule on Mertens's Motion. Dkt. 638.

On October 14, 2022, Mertens sent a letter to the Court. Dkt. 640. Included in the letter was a single piece of paper with the following written on it: "Find enclosed exhibit 1 that should be filed in case No. 2:03-cr-00073-DCN-1 for Robert Mertens." *Id*. Nothing, however, was included. Again, a deputy clerk so indicated.

Around the same time, Mertens sent a letter to the Court requesting extra time to

submit Exhibit 1 because the first copy was lost in the mail. Dkt. 639. The Court granted the request, gave Mertens additional time to submit his exhibit, and bumped the attending deadlines. Dkts. 641, 642.

Mertens filed more letters requesting to know whether Exhibit 1 had been received. *See, e.g.*, Dkts. 643, 644. Mertens then requested more time to locate and file Exhibit 1. Dkt. 645. The Court granted the same. Dkt. 646.

On November 28, 2022, Mertens filed another letter with the Court. Dkt. 647. Herein, he accuses the Clerk's Office of destroying Exhibit 1. He claims that his friend has been trying to send this "vital recording" to the Court, but the Clerk's staff has been committing "serious misconduct" by destroying the exhibit. *See generally id*.

A week later, on December 5, 2022, Mertens filed a document with the Court entitled "Notice to the Court and Request for Appointment of Counsel." Dkt. 648. Here again, Mertens alleges the Clerk's Office is destroying, tampering, or concealing Exhibit 1. *See generally id*. He then requests the Court appoint him counsel to aid in his efforts to get this crucial exhibit before the Court. *Id*. at 3.

Also on December 5, 2022, the Clerk's Office was contacted by the Bannock County Courthouse in Pocatello, Idaho. They indicated they had received Exhibit 1 in the mail. Exhibit 1 was transferred to the Federal District Court (in Pocatello) the same day. It was then forwarded to the Federal Courthouse in Boise. This was all noted in an entry *not* visible to counsel or the public.

On December 6, 2022, the United States of America ("Government") filed a Motion to Dismiss. Dkt. 649.

MEMORANDUM DECISION AND ORDER - 2

On December 13, 2022, Mertens sent another letter to the Court. Dkt. 650. The Court notes this envelope is addressed to the "US District Court," but the address is for the Bannock County Courthouse. Dkt. 650-1.

On December 16, the Clerk's Office noted it had received Exhibit 1 from Pocatello and it was maintained in the Court's file room. This notation is visible to Counsel and the public. Dkt. 651.

On January 6, 2023, Mertens sent another letter to the Court accusing the Clerk's Office of misconduct. Dkt. 652. This time, Mertens alleges the Clerk's Office failed to send a copy of the docket sheet to him as ordered. He also asked that the undersigned personally call his friend at a specified time to discuss whether Exhibit 1 was actually received and order that everything be verified and/or filed as a certified copy. *Id*. at 3–4.

On January 9, 2023, Mertens filed an objection to the Government's Motion to Dismiss. Dkt. 653.

On January 12, 2023, the Clerk of the Court in Boise received a second copy of Exhibit 1. Dkt. 654. This too was originally sent to Bannock County Courthouse in Pocatello, Idaho. This entry is visible to Counsel and the public.

On January 19, 2023, Mertens sent the Court another letter. Dkt. 654. He explains that he sent Exhibit 1 to Bannock County and saw that it was forwarded to the District Court but alleges it was never received. He asserts he needs more time to send Exhibit 1 to the Court. Additionally, he wants to now submit the original CD (that makes up Exhibit 1), have the CD transcribed, and submit an affidavit from his friend attesting to the fact that he was diligent in trying to get Exhibit 1 to the Court.

MEMORANDUM DECISION AND ORDER - 3

## II. DISCUSSION

To begin, the Clerk's Office did not destroy anything in this case. Mertens allegations against it are fiction and will not be entertained.

To be sure, there was some delay and confusion in getting Exhibit 1 to the Court. Some of the delay and confusion is owing to the prison mail system.[1] Some of it is attributable to Mertens and his friend who *both* sent documents to the wrong address (the Bannock County Courthouse). And unfortunately, some of the delay appears to be just bad luck—the Court receiving an envelope with a large tear where (presumably) the flash drive fell out. In any event, the Court now has Exhibit 1. But this ultimately does not matter because the Court lacks jurisdiction over Mertens's Motion.[2]

The history of this case is long and tortured.

To be brief: in 2004 a jury convicted Mertens of thirty-six felonies. The jury found he had distributed 6 kg of cocaine base, 86 kg of marijuana, 59 g of "Cocaine/Heroin;" that he possessed 26 firearms as a prohibited person; laundered over $3,000,000; and brandished a firearm while engaged in drug trafficking. Judge Edward J. Lodge sentenced Mertens to 444 months in prison.[3]

---

[1] For example, the Court received a letter from Mertens on January 19, 2023. Dkt. 656. That letter, however, was drafted on January 3, 2023. Furthermore, Mertens was reviewing a docket sheet from December 13, 2022, when he wrote the letter. By the time the Court received his letter complaining that the exhibit had, once again, not been received, it was already in possession of two copies of Exhibit 1. Because of the delay in mail, however, Mertens could not have known that only a few days after he requested the docket sheet the Court received a copy of his exhibit and then received a second one a month later.

[2] While ultimately irrelevant, the Court went to such lengths to explain the mail situation because, as will be explained shortly, Mertens is extremely skeptical of the Government and will try to use any reason to file more motions, appeals, and petitions.

[3] Owing to Judge Lodge's inactive senior status, this case was transferred to Judge B. Lynn Winmill (Dkt. 603) and eventually to the undersigned (Dkt. 635).

MEMORANDUM DECISION AND ORDER - 4

Mertens appealed and argued, in part, that he was prevented from presenting his defense of outrageous government conduct. *United States v. Mertens*, 166 F. App'x 955, (9th Cir. 2006). The Ninth Circuit affirmed finding Mertens had, in fact, been afforded "many occasions to testify and argue that he was framed by the government." *Id*. at 958. Mertens appealed, and the United States Supreme Court denied certiorari.

Since that time, Mertens has filed at least thirteen Ninth Circuit appeals, an original § 2255 petition, successive § 2255 petitions, habeas petitions, and "Rule 60(b) Motions." He has appealed some to the Ninth Circuit; some to the Supreme Court. None have been successful.

All Mertens motions/petitions/filings are based on the idea that the Government—via various actors, including witnesses, prosecutors, probation officers, and others—committed perjury and/or fraud and tampered with and/or destroyed crucial evidence. He also alleges he had inadequate or incompetent legal representation.

The current Rule 60(b) Motion alleges much of the same. Over the course of 54 pages, Mertens tells a story of Government corruption, conspiracy, and cover-up. The Court will not entertain any of his arguments, however, because all have been the subject of prior motions and petitions.

A defendant convicted of a crime in federal court is generally limited to one motion under § 2255 *after* any direct appeal has been adjudicated. A defendant may not bring a "second or successive" § 2255 motion without first obtaining certification by the Court of Appeals under the exacting standards of 28 U.S.C. § 2255(h). *See United States v. Washington*, 653 F.3d 1057, 1059 (9th Cir. 2011). The Ninth Circuit has defined this

limitation as "jurisdictional." *Ezell v. United States*, 778 F.3d 762, 765 (9th Cir. 2015). "Because of the difficulty of meeting this standard, petitioners often attempt to characterize their motions in a way that will avoid the strictures of § 2255(h)." *Washington*, 653 F.3d at 1059.

At this stage, having fully litigated these issues multiple times, Mertens can only file successive § 2255 Petitions. Doing so requires Circuit approval, which Mertens has not obtained.[4]

Accordingly, the Court Grants the Government's Motion to Dismiss as it lacks jurisdiction to hear Mertens's Motion. If Mertens elects, he may petition the Ninth Circuit for leave to file a successive § 2255 Petition.

Relatedly, Mertens sought counsel because of the difficulty in getting Exhibit 1 to the Court. The Court now has multiple copies of Exhibit 1, so counsel is not needed. What's more, there is no constitutional right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). Instead, the decision whether to appoint counsel in post-conviction proceedings (including requests for compassionate release) rests with the discretion of the district court. *United States v. Harrington*, 410 F.3d 598, 600 (9th Cir. 2005). In this case, the Court has reviewed the materials and does not find any circumstances warranting the appointment of Counsel. Accordingly, the Court DENIES this request as well.

---

[4] In fact, Judge Winmill already dismissed Merten's last round of motions for this reason. Dkt. 633.

## III. CONCLUSION

The Clerk of the Court did not destroy any evidence in this case. The Court received multiple copies of Exhibit 1 in due course. Nevertheless, this is of no consequence because Mertens cannot bring his Rule 60(b) Motion (which is really a successive § 2255 petition) without prior approval from the Ninth Circuit.

## IV. ORDER

IT IS HEREBY ORDERED that:

1. Mertens's Motion for Fraud on the Court (Dkt. 637) is DENIED.

2. His Motion/Notice containing a request for Counsel (Dkt. 648) is DENIED.

3. The Government's Motion to Dismiss (Dkt. 649) is GRANTED.

DATED: February 7, 2023

David C. Nye
Chief U.S. District Court Judge