UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br>v.<br><br>ROBERT LEON MERTENS,<br><br>    Defendant. | Case No. 2:03-cr-000073-DCN<br><br>**MEMORANDUM DECISION AND ORDER** |

## I. INTRODUCTION

Before the Court is Defendant Robert Mertens' Motion for Compassionate Release. Dkt. 665. The Government opposes the Motion. Dkt. 669.

Having reviewed the record and briefs, the Court finds the facts and legal arguments are adequately presented. Accordingly, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B).[1] Upon review, and for the reasons set forth below, the Court DENIES Mertens' Motions.

## II. BACKGROUND

This case has a long and tortured history. Briefly put, in 2004, a jury convicted Mertens of thirty-six felonies. Dkt. 375. The jury found Mertens had distributed 6 kg of cocaine base, 86 kg of marijuana, and 59 g of "Cocaine/Heroin;" that he possessed 26 firearms as a prohibited person; laundered over $3,000,000; and brandished a firearm while

---

[1] Although this is a criminal case, the local civil rule regarding hearings applies as there is no corresponding criminal rule. *See* Dist. Idaho Loc. Crim. R. 1.1(f) (explaining that "all general provisions of the Local Rules of Civil Practice apply to criminal proceedings unless such provisions are in conflict with or are otherwise provided for by the Federal Rules of Criminal Procedure or the Local Rules of Criminal Practice").

MEMORANDUM DECISION AND ORDER - 1

engaged in drug trafficking. *See generally id.* Judge Edward J. Lodge sentenced Mertens to 444 months in prison.[2]

Mertens appealed his conviction and sentence and argued, in part, that he was prevented from presenting his defense of outrageous government conduct. *See generally United States v. Mertens*, 166 F. App'x 955 (9th Cir. 2006). The Ninth Circuit affirmed Judge Lodge on this point finding Mertens had, in fact, been afforded "many occasions to testify and argue that he was framed by the government." *Id*. at 958.[3] Mertens appealed the Ninth Circuit's decision, but the United States Supreme Court denied certiorari.

Since that time, Mertens has filed at least thirteen Ninth Circuit appeals, an original § 2255 petition, successive § 2255 petitions, habeas petitions, and various "Rule 60(b) Motions." He has appealed each decision to the Ninth Circuit or the Supreme Court. None have been successful.

All of Mertens motions/petitions/filings/appeals were based on the idea that the Government—via various actors, including witnesses, prosecutors, probation officers, and others—committed perjury and/or fraud and tampered with and/or destroyed crucial evidence.

Separate from Mertens' past arguments and appeals, the Court has reduced his sentence on two occasions. First, in 2016, Judge Lodge reduced Mertens' sentence to 376

---

[2] Due to Judge Lodge's inactive senior status, this case was first transferred to Judge B. Lynn Winmill (Dkt. 603) and eventually to the undersigned (Dkt. 635).

[3] The Ninth Circuit, however, later granted a limited remand so that Judge Lodge could resentence Mertens consistent with *States v. Booker,* 543 U.S. 220 (2005), which had issued while Mertens' appeal was pending. Dkt. 459-1.

MEMORANDUM DECISION AND ORDER - 2

months following Amendment 782 to the United States Sentencing Guidelines. Dkt. 563. Second, in 2019, Judge Lodge reduced the sentence further, imposing a 314-month sentence consistent with Section 404 of the First Step Act of 2018. Dkts. 600, 601.

Mertens has now filed a Motion for Compassionate Release seeking a further reduction of his sentence. Dkt. 665. In his Motion, Mertens alleges (again) that, because various Government actors engaged in a scheme against him, Judge Lodge imposed an unusually long sentence. He also alleges he has engaged in various rehabilitative programs while incarcerated which warrant an early release.

Mertens is currently housed at a residential reentry center in Seattle, Washington and has a projected release date of August 22, 2025.

### III. LEGAL STANDARD

Mertens seeks compassionate release under the First Step Act ("FSA"), amended 18 U.S.C. § 3582(c)(1)(A), which allows a court to modify a sentence under certain circumstances. In order to grant compassionate release, a district court must, as a threshold matter, determine whether a defendant has exhausted his or her administrative remedies. *Id*. Next, a district court may grant compassionate release only if "extraordinary and compelling reasons warrant such a reduction," and the reduction is "consistent with applicable policy statements" issued by the U.S. Sentencing Commission.[4] *Id*. If the latter

---

[4] Congress did not define what constitutes "extraordinary and compelling" reasons; instead, it deferred consideration of the matter to the Sentencing Commission. *Rodriguez*, 424 F. Supp. 3d at 681 (citing 18 U.S.C. § 994(t) ("The Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of Title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.").

MEMORANDUM DECISION AND ORDER - 3

criteria are met, the district court must then consider the sentencing factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. *Id.*; *United States v. Rodriguez*, 424 F. Supp. 3d 674, 680 (N.D. Cal. 2019).

The Sentencing Commission's policy statements at U.S.S.G. § 1B1.13 state that "extraordinary and compelling reasons" include: (1) a defendant's serious medical condition; (2) a defendant's age combined with serious deterioration in physical or mental health due to the aging process; (3) a defendant's family circumstances where the defendant becomes the only available caregiver for a close relative; (4) a defendant's suffering abuse by an employee or contractor of the Bureau of Prisons (the "BOP"); (5) the defendant's subjection to an unusually long sentence where the defendant has already served at least ten years of the sentence; or (6) any other circumstance or combination of circumstances of similar gravity. *Id.* at § 1B1.13(b). The statements also assert that, before a sentence may be reduced, the Court must find that the defendant is not a danger to the safety of any other person or to the community. *Id.* at § 1B1.13(a)(2).

Until recent amendments, U.S.S.G. § 1B1.13 addressed only motions brought by the Director of the BOP—and not those brought by defendants individually. *See United States v. Aruda*, 993 F.3d 797, 801–02 (9th Cir. 2021). To be sure, district courts were free to consult the policy statements as persuasive authority, but the Ninth Circuit made clear that the statements were not binding. *Id.* at 802. However, under recent amendments, U.S.S.G. § 1B1.13 expressly applies to motions brought by the BOP Director *and* to those brought by individual defendants. U.S.S.G. § 1B1.13(a). Along with its sister district courts in the Ninth Circuit, the Court understands these amendments to resolve the discrepancy

MEMORANDUM DECISION AND ORDER - 4

highlighted in *Aruda* and to make U.S.S.G § 1B1.13 binding. *See United States v. Brugnara*, 2024 WL 332867, at *2 (N.D. Cal. Jan. 28, 2024); *United States v. Garcia Nava*, 2024 WL 221439, at *2 (S.D. Cal. Jan. 19, 2024); *United States v. Cunningham*, 2024 WL 50908 (D. Mont. Jan. 4, 2024); *United States v. Brown*, 2023 WL 8650290, at *3 (W.D. Wash. Dec. 14, 2023).

In any event, the catch-all clause at U.S.S.G. § 1B1.13(b)(5) affords the Court significant leeway in defining precisely what qualifies as an extraordinary and compelling reason to warrant a reduction in sentence.

## IV. DISCUSSION

### A. Exhaustion of Administrative Remedies

The FSA allows a motion for modification to be made by either the Director of the BOP, or by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

As part of his current Motion, Mertens included a copy of his request to the Warden of his facility. Dkt. 665-2, at 20. Insofar as 30 days elapsed between his filing of that request and his instant Motion, exhaustion is satisfied. The Court will proceed to the next stage of its inquiry.

### B. Extraordinary and Compelling Reasons

The Court must next consider whether "extraordinary and compelling reasons"

warrant a permanent reduction in Mertens' sentence, and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(ii). Mertens bears the burden of establishing that extraordinary and compelling reasons exist to justify compassionate release. *United States v. Holden*, 452 F. Supp. 3d 964, 969 (D. Or. Apr. 6, 2020).

Setting aside Mertens' arguments about his underlying conviction—which have been litigated dozens of times and rejected—he has primarily two justifications for his request. First, he claims the sentence Judge Lodge imposed was unusually long. Second, he claims the steps he has taken towards rehabilitation warrant a reduction.

To begin, Mertens has not sufficiently shown his sentence was unusually long. To be sure, a 444-month sentence (or even the reduced 314-month sentence) is long. However, considering Mertens' underlying conduct, it is not difficult to say the long sentence was, nevertheless, appropriate under the circumstances. Moreover, Mertens bare statement that his sentence was too long is insufficient to carry his burden on a Motion for Compassionate Release. Mertens does not offer any specific argument as to why his sentence was too long, nor does he provide any alternative guideline calculation or supporting evidence of what his reduced sentence should be. It is Mertens' burden to persuade the Court a reduction is warranted, and he has not done so here. *Holden*, 452 F. Supp. 3d at 969.

Turning next to rehabilitation, the Court commends Mertens' work ethic and good behavior while incarcerated. It appears Mertens has completed numerous worthwhile programs and is making good personal progress. That said, rehabilitation, standing alone, is not an extraordinary and compelling reason for purposes of the Sentencing

MEMORANDUM DECISION AND ORDER - 6

Commission's policy statement. *See* U.S.S.G. § 1B1.13(d). And, while rehabilitation "may" sometimes "be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted," the Court finds the facts here do not support such a conclusion. *Id.* Thus, while the Court acknowledges and appreciates Mertens rehabilitative efforts and strongly encourages him to continue on his current path, it is not persuaded that these efforts, considered alone or in combination with any other circumstances raised in his motion, amount to an extraordinary and compelling reason warranting early release.

Finally, and in spite of the above analysis, the Court would note that the 18 U.S.C. § 3553(a) factors weigh against any further reduction at this time.[5] Mertens was convicted of thirty-six felonies involving drugs and guns. Even considering the proactive steps Mertens has taken since his conviction and sentence, his crimes were both serious and violent and the Court does not feel a reduction would be consistent with the relevant factors.

---

[5] This code section provides:

> Factors To Be Considered in Imposing a Sentence.—The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—[. . .]
>
> (2) the need for the sentence imposed—
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> (B) to afford adequate deterrence to criminal conduct;
> (C) to protect the public from further crimes of the defendant; and
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner . . . .

18 U.S.C. § 3553(a).

MEMORANDUM DECISION AND ORDER - 7

## V. CONCLUSION

Mertens exhausted his administrative remedies. That said, he has failed to demonstrate an "extraordinary and compelling reason" for his release and has failed to show that a reduction in his sentence is consistent with the goals of the 18 U.S.C. § 3553(a) sentencing factors. The Court has already reduced Mertens' sentence on two prior occasions. Weighing all relevant factors, the Court cannot depart further. Accordingly, Mertens' Motion for Compassionate Release is DENIED.

## VI. ORDER

The Court **HEREBY ORDERS**:

1. Mertens' Motion for Compassionate Release (Dkt. 665) is **DENIED**.

DATED: March 19, 2025

David C. Nye
Chief U.S. District Court Judge